Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-1642-16-J**

| | | |
|---|---|---|
| Jose Jesus **Mendez**, James **Rodriguez**, and **Boesch Trucking, L.L.C.** § § § | **In the District Court** |
| *plaintiffs* § § | |
| v. § § | _____ **Judicial District** |
| **CRST Expedited, Inc.** and Scott **Cornelius**, § § | |
| *defendants* § | **Hidalgo County, Texas** |

### PLAINTIFFS' ORIGINAL PETITION (WITH DISCOVERY)

To the Honorable Judge of Said Court:

NOW COME Plaintiffs, Jose Jesus **Mendez**, James **Rodriguez**, and **Boesch Trucking, L.L.C.** complaining solely under Texas law of Defendants **CRST Expedited, Inc.**, and Scott **Cornelius**, and for causes of action state as follows:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend to conduct discovery pursuant to a level three discovery control plan.

### PARTIES

*Plaintiffs*

2.  Plaintiff Jose Jesus Mendez is an adult resident of Alamo, Hidalgo County, Texas.

3.  Plaintiff James Rodriguez is an adult resident of Alamo, Hidalgo County, Texas.

4.  Plaintiff Boesch Trucking, L.L.C. ("Boesch Trucking"), is a Texas limited liability company with its principal place of business in Hidalgo County, Texas.

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

*Defendants*

4.     Defendant Scott Cornelius is an adult resident of Hillsborough County, Florida. Under TEX. CIV. PRAC. & REM. CODE §17.062(a), Defendant Cornelius is deemed to have appointed the chairman of the Texas Transportation Commission as his agent for service of process in Texas, because this suit grows out of a collision that occurred while Cornelius was operating a motor vehicle in Texas. Therefore, pursuant to TEX. CIV. PRAC. & REM. CODE §§17.062(a) and 17.063(a)-(c) and TEX. R. CIV. P. 106(a)(2) and 108, Defendant Cornelius may be served by mailing by registered or certified mail, return receipt requested, duplicate copies of the citation with attached duplicate copies of this Original Petition addressed to Tryon D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas, 78701-2483. Upon receipt of such legal process, Plaintiffs request that Chairman Lewis immediately mail a copy thereof by registered or certified mail, return receipt requested, to Defendant Cornelius at his residence at 10101 N. Florida Ave., Lot 3, Tampa, Florida, 33612.

5.     Defendant CRST Expedited, Inc. ("CRST"), is a foreign (Iowa) corporation that is not currently registered to do business in Texas but which, at all times material hereto, has done business in Texas within the meaning of TEX. CIV. PRAC. & REM. CODE §17.042(2). Under TEX. CIV. PRAC. & REM. CODE §17.044(a)(1) and (b), CRST is deemed to have appointed the Texas Secretary of State as its agent for service of process in Texas. Therefore, pursuant to TEX. CIV. PRAC. & REM. CODE §§17.044(a)(1), 17.044(b), and 17.045(a), and TEX. R. CIV. P. 106(a)(2) and 108, CRST may be served by mailing by registered or certified mail, return receipt requested, duplicate copies of the citation with attached duplicate copies of this Original Petition addressed to the Honorable Carlos Cascos, Texas Secretary of State, c/o Service of Process Unit, P.O. Box 12079,

Case 7:16-cv-00364 Document 1-3 Filed in TXSD on 06/27/16 Page 3 of 20

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Austin, Texas, 78711-2079. Upon his receipt of such legal process, Plaintiffs request that Secretary Cascos immediately mail a copy thereof by registered or certified mail, return receipt requested, to Defendant CRST's registered agent, Victoria L. Bares, at 3930 16th Avenue S W, Cedar Rapids, Iowa, 62406.

### VENUE

6. Venue is proper in Hidalgo County because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Hidalgo County. TEXAS. CIV. PRAC. & REM. CODE §15.002(a)(1).

### FACTS

7. CRST is a motor carrier that is licensed by and registered with the Federal Motor Carrier Safety Administration. CRST hired, qualified, and retained Defendant Cornelius as a truck driver. At all times relevant to this lawsuit, Defendant Cornelius was acting in the course and scope of his actual and/or statutory employment with CRST.

8. On or about June 13, 2014, plaintiff Jose Jesus Mendez was driving a 2007 Kenworth tractor, which was pulling a trailer, south in the outside lane of the frontage road of North Interstate 69C in Pharr, Texas, and came to a stop at a red light at the intersection with FM 495. Plaintiff James Rodriguez was a passenger in Mendez's tractor. The Mendez/Rodriguez tractor-trailer is owned by Boesch Trucking. Also driving south on the frontage road and stopped at the red light was a 2014 International tractor that was being driven by Defendant Cornelius. The Cornelius tractor, which also was pulling a trailer, was in the middle lane of the frontage road and, thus, adjacent to the Mendez/Rodriguez tractor-trailer. When the light turned green, Mendez began to turn right. Cornelius also began to turn right, but from the wrong (middle) lane. Cornelius' trailer then struck

Case 7:16-cv-00364 Document 1-3 Filed in TXSD on 06/27/16 Page 4 of 20

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Mendez's (Boesch Trucking's) tractor, causing substantial personal injuries to Mendez and Rodriguez, as well as property damage to the tractor. Due to the damage to the tractor, the vehicle was out-of-use for several months.

## CAUSE OF ACTION

9. Defendant Cornelius' operation of the tractor trailer constitutes negligence under Texas law that directly and proximately caused Plaintiffs' injuries and damages. Specifically, Cornelius turned right at the intersection from the wrong lane, failed to keep a proper lookout, failed to yield the right of way, turned when it was not safe to do so, and struck another vehicle. CRST is vicariously liable for the negligence of Defendant Scott Cornelius under the statutory employment doctrine as well as the doctrine of respondeat superior.

10. Based on the facts of this wreck, it appears that Defendant Cornelius may have been fatigued or driving in violation of the hours-of-service regulations. It further appears that CRST may have been negligent in its entrustment of its tractor-trailer to Cornelius, and in the qualification, hiring, training, supervision, and retention of Cornelius.

11. Further, Defendant Cornelius violated Section 545.063 of the Texas Transportation Code, constituting negligence per se.

## DAMAGES

12. Plaintiffs Mendez and Rodriguez have sustained the following elements of damages:

a. Medical care, past and future;

b. Lost wages and earning capacity, past and future;

c. Physical impairment, past and future;

d. Physical pain, emotional distress, and mental anguish, past and future;

C-1642-16-J

    e.    Disfigurement, past and future; and

    f.    Loss of use.

13.    Due to the damage to its tractor, Plaintiff Boesch Trucking has incurred economic damages in the form of the costs to repair the tractor, and lost profits for the period of time that the tractor was out-of-use for repairs.

14.    Plaintiffs also seek to recover prejudgment interest, post-judgment interest, and court costs. Plaintiffs' damages exceed the Court's jurisdictional minimum and exceed $75,001.00. Pursuant to TEX. R. CIV. P. 47(c), Plaintiffs seek monetary relief over $1,000,000.00.

## REQUEST FOR DISCLOSURE

Defendant Scott Cornelius is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

Defendant CRST Expedited, Inc. is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## INTERROGATORIES TO DEFENDANT SCOTT CORNELIUS
## BY PLAINTIFF JOSE JESUS MENDEZ

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant Scott Cornelius. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

Interrogatory 1.    Please state, in detail, how you contend the collision in question occurred.

RESPONSE:

Case 7:16-cv-00364   Document 1-3   Filed in TXSD on 06/27/16   Page 6 of 20

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Interrogatory 2.   Please state the positions held, general job descriptions, and lengths of employment of Scott Cornelius at the time of the collision in question.

RESPONSE:

Interrogatory 3.   Please state the full extent of any training, education, or experience concerning driving techniques or principles Scott Cornelius has received.

RESPONSE:

Interrogatory 4.   Please state the name, address, and telephone number of any person who you may call to testify at trial, including but not limited to any rebuttal or impeaching witnesses who may be called at trial.

RESPONSE:

Interrogatory 5.   Was Scott Cornelius acting in the course and scope of his employment with CRST Expedited, Inc. at the time of the collision made the basis of this lawsuit? If you are contending that Scott Cornelius was not acting in the course and scope of employment for CRST Expedited, Inc. at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 6.   If the vehicle driven by Scott Cornelius that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

Interrogatory 7.   Please list all traffic accidents in which Scott Cornelius has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 8.   Please give a description of all traffic violations for which Scott Cornelius has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Electronica..,
4/11/2016 3:36: ..
Hidalgo County Dist..
Reviewed By: Alexis Bo...

Interrogatory 9.   Please state whether or not, in the one year prior to, or the date of the collision made the basis of this lawsuit, there have been any repairs, changes or modifications performed upon any of the vehicles (including trailers) which were involved in the collision in question. If so, please describe the full extent of any such repairs, changes or modifications, when they took place, who performed the work and when it was done. (Please differentiate between the truck/tractor and trailer).

RESPONSE:

Interrogatory 10.   With respect to collisions or accidents involving one of CRST Expedited, Inc.'s vehicles and/or a driver employed by you or under contract with CRST Expedited, Inc., please state:

   a.   When the driver is required to make a report and to whom;
   b.   A description of any written report required to be made by any person with CRST Expedited, Inc. and/or the driver;
   c.   Where and in whose custody such reports are kept;
   d.   When a driver must submit for a drug test by giving a urine sample; and
   e.   When such report must be reported to the federal government.

RESPONSE:

Interrogatory 11.   Did Scott Cornelius receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Scott Cornelius paid the ticket, did Scott Cornelius plead guilty? What court did Scott Cornelius have to appear in or call to resolve the citation or ticket?

RESPONSE:

Interrogatory 12.   Do you contend that someone other than Scott Cornelius (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE:

Interrogatory 13.   Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective relief?

Case 7:16-cv-00364   Document 1-3   Filed in TXSD on 06/27/16   Page 8 of 20

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

RESPONSE:

Interrogatory 14:   What does CRST Expedited, Inc. do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If CRST Expedited, Inc. uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 15:   Does CRST Expedited, Inc. use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

## INTERROGATORIES TO DEFENDANT CRST EXPEDITED, INC.
## BY PLAINTIFF JOSE JESUS MENDEZ

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant CRST Expedited, Inc.. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement its responses to these Interrogatories as provided for by the Rules.

Interrogatory 1.    Please state, in detail, how you contend the collision in question occurred.

RESPONSE:

Interrogatory 2.    Please state the positions held, general job descriptions, and lengths of employment of Scott Cornelius at the time of the collision in question.

RESPONSE:

Interrogatory 3.    Please state the full extent of any training, education, or experience concerning driving techniques or principles Scott Cornelius has received.

RESPONSE:

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Interrogatory 4.   Please state the name, address, and telephone number of any person who you may call to testify at trial, including but not limited to any rebuttal or impeaching witnesses who may be called at trial.

RESPONSE:

Interrogatory 5.   Was Scott Cornelius acting in the course and scope of his employment with CRST Expedited, Inc. at the time of the collision made the basis of this lawsuit? If you are contending that Scott Cornelius was not acting in the course and scope of employment for CRST Expedited, Inc. at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 6.   If the vehicle driven by Scott Cornelius that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

Interrogatory 7.   Please list all traffic accidents in which Scott Cornelius has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 8.   Please give a description of all traffic violations for which Scott Cornelius has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Interrogatory 9.   Please state whether or not, in the one year prior to, or since, the wreck made the basis of this lawsuit there have been any repairs, changes or modifications performed upon any of the vehicles (including trailers) which were involved in the collision in question. If so, please describe the full extent of any such repairs, changes or modifications, when they took place, who performed the work and when it was done. (Please differentiate between the truck/tractor and trailer).

RESPONSE:

Case 7:16-cv-00364   Document 1-3   Filed in TXSD on 06/27/16   Page 10 of 20

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Interrogatory 10.    With respect to collisions or accidents involving one of CRST Expedited, Inc.'s vehicles and/or a driver employed by you or under contract with CRST Expedited, Inc., please state:
   a. When the driver is required to make a report and to whom;
   b. A description of any written report required to be made by any person with CRST Expedited, Inc. and/or the driver;
   c. Where and in whose custody such reports are kept;
   d. When a driver must submit for a drug test by giving a urine sample; and,
   e. When such report must be reported to the federal government.

RESPONSE:

Interrogatory 11.    Did Scott Cornelius receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Scott Cornelius paid the ticket, did Scott Cornelius plead guilty? What court did Scott Cornelius have to appear in or call to resolve the citation or ticket?

RESPONSE:

Interrogatory 12.    Do you contend that someone other than Scott Cornelius (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE:

Interrogatory 13.    Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective relief?

RESPONSE:

Interrogatory 14:    What does CRST Expedited, Inc. do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If CRST Expedited, Inc. uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Interrogatory 15: Does CRST Expedited, Inc. use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

## REQUESTS FOR PRODUCTION TO ALL DEFENDANTS FROM PLAINTIFF JOSE JESUS MENDEZ

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that, within the time prescribed by law, Defendants Scott Cornelius and CRST Expedited, Inc. produce and permit Plaintiff to inspect and copy the documents and things described in the requests below, and as instructed below. Plaintiff requests that Defendants produce the documents at the office of Cowen| Mask | Blanchard, 62 E. Price Road, Brownsville, Texas 78521.

1. Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

   RESPONSE:

2. Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

   RESPONSE:

3. Any and all photographs of the scene of the collision in question.

   RESPONSE:

4. Any and all photographs that you intend to use at trial.

   RESPONSE:

5. All correspondence and other documents sent to any expert.

   RESPONSE:

Case 7:16-cv-00364 Document 1-3 Filed in TXSD on 06/27/16 Page 12 of 20

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

6. All correspondence and other documents received from any expert.

   RESPONSE:

7. Any and all photographs, videotapes or other depictions of Plaintiff.

   RESPONSE:

8. Any and all photographs, videotapes or other depictions of Scott Cornelius.

   RESPONSE:

9. Any and all witness statements.

   RESPONSE:

10. Any and all statements from Plaintiff.

    RESPONSE:

11. Any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

    RESPONSE:

12. Any and all documents related to Scott Cornelius' employment with CRST Expedited, Inc..

    RESPONSE:

13. Any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

    RESPONSE:

14. Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Scott Cornelius relating to his employment with CRST Expedited, Inc..

    RESPONSE:

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

15. Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiffs, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

   RESPONSE:

16. Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

   RESPONSE:

17. Any written, taped or mechanically reproduced statement heretofore made of Plaintiff, Defendants, and/or Defendants' agents or employees.

   RESPONSE:

18. Any records or documentation (medical or non-medical) concerning Scott Cornelius that would indicate whether Scott Cornelius was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

   RESPONSE:

19. Any records or documentation (medical or non-medical) concerning Scott Cornelius that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

   RESPONSE:

20. Any records or documentation (medical or non-medical) that would indicate that Scott Cornelius was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

   RESPONSE:

21. A photostatic copy of the front and back of Scott Cornelius' current driver's license and any commercial license.

Case 7:16-cv-00364 Document 1-3 Filed in TXSD on 06/27/16 Page 14 of 20

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

RESPONSE:

22. A copy of any company vehicle use records for the one hundred eighty (180) days preceding and including the date of the collision in question.

RESPONSE:

23. Any documentation concerning Scott Cornelius involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

RESPONSE:

24. All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Scott Cornelius at the time of the collision in question.

RESPONSE:

25. All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that Scott Cornelius was an unsafe driver.

RESPONSE:

26. All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

RESPONSE:

27. Any written, taped, or mechanically reproduced/recorded statement, testimony or videotape of any person named in responsive discovery of any party either as someone with knowledge of relevant facts or as an expert.

RESPONSE:

28. Any reports, memoranda, documents or materials of any type containing information concerning any type of investigation (including, but not limited to obtaining any background, credit or criminal records, photographs, videotapes, or recorded statements; surveillance, following, eavesdropping; or interviewing persons) of Plaintiffs or of any persons named in responsive discovery by any party as someone with knowledge of relevant facts or as an expert that was performed by, for, or on behalf of Defendant, its insurer(s), any adjusting company, or any investigator concerning any liability or damages claim of Plaintiffs as outlined in Plaintiffs' latest original or amended pleadings on file that were prepared before Defendant had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case.

Case 7:16-cv-00364 Document 1-3 Filed in TXSD on 06/27/16 Page 15 of 20

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

RESPONSE:

29. Please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that were prepared by or received by you, your agents, servants, employees, or representatives (including but not limited to insurance carriers, adjusting companies or investigators) before Defendant had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case which reflect the following:
   a. Whether Plaintiff actually received or did not receive an injury as claimed in the latest original or amended pleadings on file;
   b. The extent or duration of Plaintiff's claimed physical or mental incapacity/injury, including any restrictions or lack of restrictions;
   c. Plaintiff's physical or mental condition before of after the collision in question;
   d. The earning capacity of Plaintiff before or after the collision in question;
   e. Plaintiff's ability or inability to work before or after the date of the collision in question;
   f. Any indemnity reserve relating to the claimed injury of Plaintiff;
   g. Any investigation performed on behalf of Defendant concerning Plaintiff, including but not limited to photographs, recorded statements, videotapes, background, criminal or credit records checks, surveillance, following, eavesdropping or interviewing persons;
   h. Any advance payments made to Plaintiff;
   i. Evaluations or analyses of the character or personality of Plaintiff, or any person named in responsive discovery of any party as a person with knowledge of relevant facts or as an expert witness, or an assessment of their abilities as a witness;
   j. Evaluations or analyses of Plaintiff and Plaintiff's legal counsel, such as counsel's ability to evaluate settlement, liability, and damages, or counsel's legal experience, skills or expertise;
   k. The settlement or potential judgment of this case;
   l. Any recorded statement (written, verbal or otherwise) of any witness (factual or expert) named in discovery by any party;
   m. Whether some person, party or entity other than Defendant caused or contributed to the occurrence in question.

RESPONSE:

Case 7:16-cv-00364 Document 1-3 Filed in TXSD on 06/27/16 Page 16 of 20

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

30. If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

    RESPONSE:

31. Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

    RESPONSE:

32. Any insurance policies that provide, or may provide, coverage for the collision in question.

    RESPONSE:

33. Any reservation of rights letters or non-waiver agreements.

    RESPONSE:

34. Any cell phone bills that would show whether or not Scott Cornelius was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

    RESPONSE:

35. Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    RESPONSE:

36. All expense receipts and reports submitted by Scott Cornelius for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    RESPONSE:

Case 7:16-cv-00364 Document 1-3 Filed in TXSD on 06/27/16 Page 17 of 20

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

37. All incident reports generated by Scott Cornelius or CRST Expedited, Inc. regarding the collision at issue in this lawsuit.

   RESPONSE:

38. If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, Scott Cornelius drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by Stanley Earl Merriman for that time period.

   RESPONSE:

39. Scott Cornelius' log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

   RESPONSE:

40. CRST Expedited, Inc.'s complete driver qualification file on Scott Cornelius.

   RESPONSE:

41. All personnel files, accident files, and other files and documents that CRST Expedited, Inc. maintains or possesses regarding Scott Cornelius.

   RESPONSE:

42. All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by Scott Cornelius during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

   RESPONSE:

43. All Qualcomm records and data regarding any vehicle operated by Scott Cornelius, and any communications to and from Scott Cornelius, for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

   RESPONSE:

44. All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by Scott Cornelius during the period starting one hundred eighty (180) days before

Case 7:16-cv-00364 Document 1-3 Filed in TXSD on 06/27/16 Page 18 of 20
C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

the wreck and ending fourteen (14) days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

RESPONSE:

45. All monthly log summary sheets for Scott Cornelius for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

46. All notice of logging violations for Scott Cornelius for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

47. The accident register for CRST Expedited, Inc.

RESPONSE:

48. All safety performance history records regarding Scott Cornelius.

RESPONSE:

49. All driver's vehicle inspection reports completed by Scott Cornelius for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

50. All pretrip check lists completed by Scott Cornelius for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

51. The vehicle accident kit issued to Scott Cornelius.

RESPONSE:

52. An exemplar blank vehicle accident kit used by CRST Expedited, Inc..

RESPONSE:

Case 7:16-cv-00364 Document 1-3 Filed in TXSD on 06/27/16 Page 19 of 20

C-1642-16-J

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

53. All dispatch and trip reports regarding any vehicle operated by Scott Cornelius for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

54. All trip cost report envelopes for any vehicle operated by Scott Cornelius for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

55. All OmniTRACS data regarding any vehicle operated by Scott Cornelius for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that citation be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiffs and against Defendants, jointly and severally, for actual damages, together with prejudgment interest, postjudgment interest, and court costs.

Respectfully submitted,

*/s/ Jody R. Mask*

Jody R. Mask
Texas Bar No. 24010214
Email: *jody@cmbtrial.com*
Alberto L. Guerrero
State Bar of Texas No. 00790800
E-Mail: *beto@cmbtrial.com*
COWEN | MASK | BLANCHARD
62 E. Price Road
Brownsville, Texas (956) 541-4981
Telephone: (956) 541-4981
Facsimile: (956) 504-3674
Email: *fax@cmbtrial.com*

Electronically Filed
4/11/2016 3:36:12 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

THE OSIRIS A. GONZALEZ LAW FIRM, P.L.L.C.
2100 S. Shary Rd., Ste. 4
Mission, Texas 78572
Telephone: (956) 583-4404
Facsimile: (956) 583-4401
Osiris A. Gonzalez
State Bar No.:24047463
E-mail: *oag@oaglawfirm.com*
Nelda V. Treviño
State Bar No.:24098525
E-mail: *nelda@oaglawfirm.com*

**ATTORNEYS FOR PLAINTIFFS**